## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NO. 06-10067-CIV-GARBER

KERMIT SANDS,

                Plaintiff,

v.

THE KEY WEST HOUSING
AUTHORITY, *et al.*,

                Defendants.

_____/

## **ORDER**

THIS CAUSE is before the Court upon Defendants' Motion for Summary Judgment (D.E. #34) and a *sua sponte* review of the file.

Plaintiff's claim or claims are ostensibly based on the Fair Housing Act, 42 U.S.C. § 3601 *et seq. See, e.g.*, Complaint (D.E. #1), at 1 ("This action is filed under:  The Federal Fair Housing Law 42 U.S.C. 3601-3619."); Joint Pre-Trial Stipulation (D.E. #28), at 1-2 ("Plaintiff's Statement of the Nature of [his] Claims"); *cf., e.g., Hallmark Developers, Inc. v. Fulton County, Ga.*, 466 F.3d 1276, 1279, 1283 (11th Cir. 2006) (analyzing Fair Housing Act claim).

The Court originally scheduled this action for trial on March 12, 2007, *see* D.E. #23, and on February 21, 2007, Defendants filed their Motion for Summary Judgment, D.E. #34.

On February 22, 2007, the Court entered an Order in which it, *inter alia*:  (1) scheduled a March 5, 2007, hearing regarding Defendants' Motion for Summary Judgment; (2) required Plaintiff to file any memoranda or evidence opposing Defendants' Motion for Summary Judgment on or before March 2, 2007; and (3) informed Plaintiff that a failure to file within twenty days a

memorandum opposing the Motion for Summary Judgment could result in the Court granting by default the Motion for Summary Judgment and entering judgment in favor of Defendants without having to conduct a trial.  *See* D.E. #36, at 1-2.

Plaintiff did not file any opposition to the Motion for Summary Judgment by March 2, 2007, or at any other time prior to the March 5, 2007, hearing.  At that hearing, Plaintiff attempted to make several arguments which did not call into question any of the facts and legal principles on which Defendants' Motion for Summary Judgment is based.

The parties and the Court, however, discussed the fact that there had been some efforts made to obtain representation for Plaintiff in this action by the Volunteer Lawyers' Project for the Southern District of Florida.  *See* D.E. #38 (Minutes of March 5 hearing); D.E. #37 (Order entered after, and in part based on, March 5, 2007, hearing).  In an effort to obtain counsel for Plaintiff in this action, including for the purpose of responding to Defendants' Motion for Summary Judgment, the Court made several rulings, including:  (1) the Court indefinitely continued the previously-scheduled March 12, 2007, trial; (2) the Court required Defendants' counsel to (a) advise the Volunteer Lawyers' Project for the Southern District of Florida of the continuance of trial and (b) ask the Volunteer Lawyers' Project for the Southern District of Florida that it designate a member of its group to represent Plaintiff in this action for purposes including, but not limited to, responding to Defendants' Motion for Summary Judgment[1]; and (3) the Court gave Plaintiff additional time to

_____

[1]  The Court recognizes that its March 5, 2007, post-hearing written Order included a typographical error by which the Court ostensibly instructed Defendants' counsel to contact the Volunteer Lawyers' Project for the Southern District of Florida in an effort to secure counsel for *Defendants* in this action.  *See* D.E. #37, at 2 ¶ 2.  The context of the Order, including the discussion among the parties and the Court at the March 5, 2007, hearing, as well as events subsequent to that hearing, make it clear that all parties understood that the Court actually instructed Defendants' counsel to ask the Volunteer Lawyers' Project for the Southern District of

respond to Defendants' Motion for Summary Judgment, requiring him to do so on or before April 16, 2007, and the Court informed the parties that after it received Plaintiff's response, it would re-schedule a hearing regarding Defendants' Motion for Summary Judgment. *See* D.E. #37.

On March 20, 2007, the Court received a Memorandum from the Volunteer Lawyers' Project for the Southern District of Florida in which that group informed the Court that it had been unable to find *pro bono* counsel for Plaintiff and that it would not be able to find *pro bono* counsel for Plaintiff before the Court's April 16, 2007, deadline for filing a response to Defendants' Motion for Summary Judgment. *See* D.E. #39.  As the Court explained to Plaintiff at the March 5, 2007, hearing, the failure to secure *pro bono* or other counsel for Plaintiff:  (1) would not relieve Plaintiff of his responsibility to comply with the Court's requirement that he file a response to Defendants' Motion for Summary Judgment on or before April 16, 2007; (2) would not alter the Court's clear instruction that if Defendants had filed a properly supported Motion for Summary Judgment and Plaintiff failed to present adequate evidence or legal argument to rebut Defendants' assertions and demonstrate the existence of a genuine issue of material fact, then the Court could enter judgment against Plaintiff; and (3) if Plaintiff completely failed to respond to Defendants' Motion for Summary Judgment, then the Court could enter judgment against Plaintiff *by default* for failure to respond.  The Court also explained to Plaintiff - and in this Order gives him additional notice of this principle - that Plaintiff is not entitled to counsel in this action if he cannot afford and secure counsel on his own behalf.  *See, e.g.*, *Bass v. Perrin*, 170 F.3d 1312, 1320 (11th Cir. 1999) ("A plaintiff in a civil case has no constitutional right to counsel.").

---

Florida to obtain counsel for *Plaintiff*, and Defendants' counsel in fact subsequently contacted the Volunteer Lawyers' Project for the Southern District of Florida and asked that group to obtain counsel for Plaintiff.  *See, e.g.*, D.E. #39.

If there were any doubt in Plaintiff's mind as to any of those requirements, this Order serves as one final notification to Plaintiff of the possible consequences of a failure to adequately respond to Defendants' Motion for Summary Judgment, including notification of the consequences of a failure to present *evidence* which demonstrates the existence of a genuine issue of material fact regarding Plaintiff's claim or claims. *See, e.g.*, *Ray v. Information Servs., LLC*, No. 06-11644, 2007 WL 1017367, at *1 (11th Cir. Apr. 5, 2007) ("Rule 56(c) requires that the district court provide '10-day advance notice to the adverse party that [a motion for summary judgment] and all materials in support of or in opposition to the motion will be taken under advisement by the trial court.' . . . At a minimum, the district court must advise the *pro se* non-movant 'of his right to file affidavits or other material in opposition to the motion, and of the consequences of default.' . . . 'We have held repeatedly that this requirement of notice will be deemed *strictissimi juris* and applies to *all* parties litigant.'") (citations omitted) (alteration and omissions in original); *Fry v. Hillsborough County Sch. Bd., Fla.*, 190 Fed. Appx. 810, 818 (11th Cir. 2006) ("'[A] court should be particularly careful to ensure proper notice to a *pro se* litigant.' . . . We have held that Rule 56(c) 'requires that summary judgment cannot be entered against a party unless that person has been given express notice, ten days in advance, of his rights under that rule and how he might best defend them.' . . . The notice requirement of Rule 56(c) requires, at a minimum, 'that an adverse party . . . be given express, ten-day notice of the summary judgment rules, of his right to file affidavits or other material in opposition to the motion, and of the consequences of default.'") (quoting *Griffith v. Wainwright*, 772 F.2d 822, 825 (11th Cir. 1985)) (alteration and final omission in original); *Griffith*, 772 F.2d at 825 (describing "bright-line" test requiring notice to *pro se* litigants before consideration of motions for summary judgment).

Additionally, although the Court, because of Plaintiff's *pro se* status, must afford some leeway to Plaintiff and give some liberal construction to documents he files, *see, e.g.*, *Bryan v. Sullivan*, No. 06-13970, 2007 WL 460837, at *1 n.4 (11th Cir. Feb. 13, 2007); *Ramon v. AT&T Broaband*, 195 Fed. Appx. 860, 865 (11th Cir. 2006); *Anderson v. Osh Kosh B'Gosh*, No. 05-13921, 2006 WL 940660, at 3 n.4 (11th Cir. Apr. 12, 2006); *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998); *Holifield v. Reno*, 115 F.3d 1555, 1561 (11th Cir. 1997), Plaintiff's *pro se* status does not excuse him from complying with relevant Rules, Orders, and Statutes regarding summary judgment, *see, e.g.*, *Bryan v. Sullivan*, No. 06-13970, 2007 WL 460837, at *1 n.4 (11th Cir. Feb. 13, 2007) ("While *pro se* complaints are entitled to a liberal interpretation, 'a *pro se* litigant does not escape the essential burden under summary judgment standards of establishing that there is a genuine issue as to a fact material to his case in order to avert summary judgment.'") (quoting *Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990)); *Ramon v. AT&T Broaband*, 195 Fed. Appx. 860, 865 (11th Cir. 2006); *Holifield v. Reno*, 115 F.3d 1555, 1561 (11th Cir. 1997) ("However, although the plaintiff's complaint is entitled to a less strict interpretation, the plaintiff must still meet the essential burden of establishing that there is a genuine issue of material fact as to his case."); *Brown*, 906 F.2d at 670 ("Although we must view factual inferences favorably toward the nonmoving party and *pro se* complaints are entitled to a liberal interpretation by the courts, we hold that a *pro se* litigant does not escape the essential burden under summary judgment standards of establishing that there is a genuine issue as to a fact material to his case in order to avert summary judgment."); *cf. also, e.g.*, *McNeil v. United States*, 508 U.S. 106, 113, 113 S. Ct. 1980, 1984 (1994) ("[W]e have never suggested that procedural rules in ordinary civil litigation shall be interpreted so as to excuse mistakes by those who proceed without counsel."); *Anderson*, 2006 WL 940660 at 3

n.4; *Wayne v. Jarvis*, 197 F.3d 1098, 1104 (11th Cir. 1999); Plaintiff may not avoid summary judgment by merely *arguing or stating in a conclusory manner* that his claim or claims have merit without directing the Court to *evidence* which supports that claim or those claims, *see, e.g.*, *Cordoba v. Dillard's, Inc.*, 419 F.3d 1169, 1182 (11th Cir. 2006) (Cordoba's belief that Stossel was involved in this decision was speculation. As such, this theory of her case created no genuine issue of material fact and was not an adequate ground for opposing summary judgment."); *Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990) ("When a motion for summary judgment has been made properly, the nonmoving party may not rely solely on the pleadings, but by affidavits, depositions, answers to interrogatories, and admissions must show that there are specific facts demonstrating that there is a genuine issue for trial."); Plaintiff's *pro se* status does not mean that either Defendants or this Court must comb the record and/or Plaintiff's allegations in order to find some possible basis for relief which might be consistent with Plaintiff's allegations but which Plaintiff has not clearly delineated, *see, e.g.*, *Al-Amin v. Donald*, 165 Fed. Appx. 733, 740 (11th Cir. 2006) ("A defendant is not required to 'infer all possible claims that could arise out of the facts set forth in the complaint.'") (quoting *Gilmour v. Gates, McDonald & Co.*, 382 F.3d 1312, 1315 (11th Cir. 2004)); *Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990) ; and Plaintiff may not amend his Complaint except through compliance with Federal Rule of Civil Procedure 15 (*e.g.*, he may not simply raise new claims in a response to Defendants' Motion for Summary Judgment), *see, e.g.*, *Gilmour v. Gates, McDonald & Co.*, 382 F.3d 1312, 1314-15 (11th Cir. 2004); *see also, e.g.*, *Mahgoub v. Miami Dade Community Coll.*, No. 05-11520, 2006 WL 952278, at *2 (11th Cir. Apr. 13, 2006) (Affirming summary judgment in defendant's favor as to Title VII retaliation claim, when a retaliation claim was raised in complaint but specific theory supporting retaliation claim at issue was not raised until

response to summary judgment motion because, in part, plaintiff had not sought to supplement complaint to add new claim and, based on *Gilmour*, a "plaintiff may not supplement complaint through argument in brief opposing summary judgment, but must comply with requirements of Fed. R. Civ. P. 15(a)."); *id.*, 2006 WL 952278, at *2 ("Plaintiff also contends that material issues of fact remain about his retaliation claim: he suggests, as he did for the first time in his response to MDCC's motion for summary judgment, that MDCC's denial of a raise in June 2004 was based on a false, negative performance evaluation. The district court addressed the merits of this claim. But we doubt that this claim properly is before us."); *Price v. M&H Valve Co.*, No. 05-15205, 2006 WL 897231, at *7 n.7 (11th Cir. Apr. 7, 2006) ("However, because M & H Valve objected to Price raising this claim for the first time in his brief opposing summary judgment, this claim was due to be dismissed . . . ."); *Hurlbert v. St. Mary's Health Care Sys., Inc.*, 439 F.3d 1286, 1297 (11th Cir. 2006) ("Having proceeded through discovery without amending (or seeking to amend) his complaint to reflect that fundamental change, Hurlbert was not entitled to raise it in the midst of summary judgment."); *Al-Amin v. Donald*, 165 Fed. Appx. 733, 740 (11th Cir. 2006) ("A defendant is not required to 'infer all possible claims that could arise out of the facts set forth in the complaint.' . . . 'A plaintiff may not amend her complaint through argument in a brief opposing summary judgment.'") (quoting *Gilmour v. Gates, McDonald & Co.*, 382 F.3d 1312, 1315 (11th Cir. 2004)); *McGoy v. Ray*, 164 Fed. Appx. 876, 879 n.2 (11th Cir. 2006) ("Furthermore, McGoy could not amend his complaint by adding his VOITIS claim in his brief opposing summary judgment, as he attempted to do."); *Stephens v. State Bd. of Pardons & Paroles*, No. 04-15995, 2005 WL 1635264, at *2 n.2 (11th Cir. June 10, 2005) ("Stephens did not include a Due Process claim in his complaint, and he never moved to amend his complaint to include it. He first argued Due Process in the district court in response to

the defendants' motion for summary judgment. That is insufficient."); *McShane v. United States Att'y Gen.*, 144 Fed. Appx. 779, 788-89 (11th Cir. 2005); *Cooley v. Great So. Wood Preserving*, 138 Fed. Appx. 149, 153 (11th Cir. 2005); *Tucker v. Union of Needletrades, Industrial and Textile Employees*, 407 F.3d 784, 788 (6th Cir. 2005) ("To permit a plaintiff to do otherwise would subject defendants to unfair surprise."); *Green County Food Market, Inc. v. Bottling Group, LLC*, 371 F.3d 1275, 1279 (10th Cir. 2004) (cited with approval in *Gilmour*, 382 F.3d at 1315) (Affirming summary judgment for defendant on claim which plaintiff first raised in opposition to summary judgment and holding: "A plaintiff should not be prevented from pursuing a claim simply because of a failure to set forth in the complaint a theory on which the plaintiff could recover, provided that a late shift in the thrust of the case will not prejudice the other party in maintaining its defense. . . . The liberalized pleading rules, however, do not permit plaintiffs to wait until the last minute to ascertain and refine the theories on which they intend to build their case. . . . This practice, if tolerated, 'would waste the parties' resources, as well as judicial resources, on discovery aimed at ultimately unavailing legal theories and would unfairly surprise defendants, requiring the court to grant further time for discovery or continuances.'") (quoting *Evans v. McDonald's Corp.*, 936 F.2d 1087, 1090-91 (10th Cir. 1991)); *Chavis v. Clayton County Sch. Dist.*, 300 F.3d 1288, 1291 n.4 (11th Cir. 2002) ("Chavis advanced this contention in his brief to the district court in response to the defendants' motion for summary judgment. Chavis did not seek to amend his complaint to add a claim based on the asserted conduct, and the district court did not specifically address this contention. . . . We do not regard this kind of claim as properly before us . . . ."); *Shanahan v. City of Chicago*, 82 F.3d 776, 781 (7th Cir. 1996) (cited with approval in *Gilmour*, 382 F.3d at 1315) ("As a final matter, Shanahan's attempt to amend his complaint by way of a footnote in his response to defendants' motion for summary

8

judgment was properly denied by the district court. A plaintiff may not amend his complaint through arguments in his brief in opposition to a motion for summary judgment."); *Fisher v. Metro. Life Ins. Co.*, 895 F.2d 1073, 1078 (5th Cir. 1990) (cited with approval in *Gilmour v. Gates, McDonald & Co.*, 382 F.3d 1312, 1315 (11th Cir. 2004)) ("As the district court correctly noted, this claim was not raised in Fisher's second amended complaint but, rather, was raised in his response to the defendants' motions for summary judgment and, as such, was not properly before the court."); *Edwards v. Niles Sales & Serv., Inc.*, 439 F. Supp. 2d 1202, 1224-25 (S.D. Fla. 2006) (J. Moore, adopting and including as an appendix to the Court's published Order the undersigned's Report and Recommendation in its entirety); *Gaffney v. Corwine*, No. 1:04CV21-SPM/AK, 2005 WL 1684436 (N.D. Fla. May 16, 2005) (Report and Recommendation), *adopted by district court*, 2005 WL 1684421 (N.D. Fla. June 29, 2005); *Smith-Johnson v. Thrivent Fin. for Lutherans*, No. 803CV2551T30EAJ, 2005 WL 1705471, at *6 n.8 (M.D. Fla. July 20, 2005); *cf., e.g.*, also *Steger v. General Elec. Co.*, 318 F.3d 1066, 1077 & n. 11 (11th Cir. 2003) (explaining that, although issues not raised in the pleadings may be treated as if they were properly raised when they either are "tried by express or implied consent of the parties," or "are included in a pretrial order," these exceptions are not applicable if an opposing party objects to the assertion of such a claim without the filing of a supplemental pleading).

The Court directs Plaintiff to Federal Rule of Civil Procedure 56, which the Court will quote in its entirety and which governs motions for summary judgment:

> **(a) For Claimant.** A party seeking to recover upon a claim, counterclaim, or cross-claim or to obtain a declaratory judgment may, at any time after the expiration of 20 days from the commencement of the action or after service of a motion for summary judgment by the adverse party, move with or without supporting affidavits for a summary judgment in the party's favor upon all or any part thereof.

**(b) For Defending Party.** A party against whom a claim, counterclaim, or cross-claim is asserted or a declaratory judgment is sought may, at any time, move with or without supporting affidavits for a summary judgment in the party's favor as to all or any part thereof.

**(c) Motion and Proceedings Thereon.** The motion shall be served at least 10 days before the time fixed for the hearing. The adverse party prior to the day of hearing may serve opposing affidavits. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.

**(d) Case Not Fully Adjudicated on Motion.** If on motion under this rule judgment is not rendered upon the whole case or for all the relief asked and a trial is necessary, the court at the hearing of the motion, by examining the pleadings and the evidence before it and by interrogating counsel, shall if practicable ascertain what material facts exist without substantial controversy and what material facts are actually and in good faith controverted. It shall thereupon make an order specifying the facts that appear without substantial controversy, including the extent to which the amount of damages or other relief is not in controversy, and directing such further proceedings in the action as are just. Upon the trial of the action the facts so specified shall be deemed established, and the trial shall be conducted accordingly.

**(e) Form of Affidavits; Further Testimony; Defense Required.** Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

**(f) When Affidavits are Unavailable.** Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for

judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

**(g) Affidavits Made in Bad Faith.** Should it appear to the satisfaction of the court at any time that any of the affidavits presented pursuant to this rule are presented in bad faith or solely for the purpose of delay, the court shall forthwith order the party employing them to pay to the other party the amount of the reasonable expenses which the filing of the affidavits caused the other party to incur, including reasonable attorney's fees, and any offending party or attorney may be adjudged guilty of contempt.

Fed. R. Civ. P. 56.

In the following three paragraphs, the Court also directs Plaintiff to the following general standard regarding both Defendants' burdens and Plaintiff's burdens, as the non-movant, regarding Defendants' Motion for Summary Judgment:

A party seeking summary judgment must demonstrate that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c); *see Maniccia v. Brown*, 171 F.3d 1364, 1367 (11th Cir.1999); *Campbell v. Sikes*, 169 F.3d 1353, 1361 (11th Cir.1999).  Defendants, as movants, bore the initial responsibility of informing the Court of the basis for their motion and of identifying those materials which demonstrate the absence of a genuine issue of material fact.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553  (1986).

In response to a properly supported motion for summary judgment, "the adverse party [*i.e.*, Plaintiff] may not rest upon the mere allegations or denials of the adverse party's pleadings, but . . . must set forth specific facts which show a genuine issue for trial."  Fed. R. Civ. P. 56(e).  If Plaintiff, as the non-moving party, fails to

11

"make a sufficient showing on an essential element of h[is] case with respect to which she has the burden of proof," then the Court must enter summary judgment for the moving party. *Celotex Corp.*, 477 U.S. at 323, 106 S. Ct. at 2552. The Court, however, must view the evidence and factual inferences reasonably drawn from the evidence in the light most favorable to Plaintiff. *See Maniccia*, 171 F.3d at 1367.

"By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine issue of material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48, 106 S. Ct. 2505, 2510 (1986) (emphasis added). The Court is not to resolve factual issues, but may only determine whether factual issues exist. A material fact is one which "might affect the outcome of the suit under the governing law. . . ." *Id.* at 248, 106 S. Ct. at 2510. The Court's inquiry therefore is whether "there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Id.* at 250, 106 S. Ct. at 2511.

Finally, the Court directs Plaintiff to this Court's Local Rule 7.1.C., which permits the Court to grant a motion by default if the non-movant fails to timely respond to the motion and the Court concludes that that failure constitutes "sufficient cause for granting the motion by default." Local Rule 7.1.C. If Plaintiff fails to timely and adequately respond to Defendants' Motion for Summary Judgment, that might constitute sufficient cause for granting Defendants' Motion by default.

The Court notes that on April 4, 2007, Defendant filed a Reply memorandum in support of their Motion for Summary Judgment which also, on its face, was filed in order to rebut a Response

12

to the Motion for Summary Judgment which Plaintiff apparently hand-delivered to Defendant or Defendant's counsel on March 28, 2007.  *See* D.E. #41, at 1-2.  Plaintiff failed to file that Response with this Court.  <u>Plaintiff is directed to file **with this Court** and serve on Defendants' counsel any responsive documents, including but not limited to written memoranda and/or evidence supporting his claim or claims and opposing Defendants' Motion for Summary Judgment, **in the manner which this Court's Local Rules, the Federal Rules of Civil Procedure, and this Order as well as this Court's previous Orders outline**</u>.  These requirements not only assist the Court and Defendants, but they also assist Plaintiff.  For example, if Defendants had not alerted the Court to the fact that Plaintiff prepared some type of response which he delivered to Defendants on March 28, 2007, then the Court would currently, and apparently mistakenly, believe that Plaintiff had made no effort to comply with the Court's previous requirement that Plaintiff respond to the Motion for Summary Judgment on or before April 16, 2007, *see* D.E. #37, which, particularly in light of Defendants' well-briefed Motion for Summary Judgment, the Court might have considered sufficient cause for granting Defendants' Motion for Summary Judgment either by default or based on the evidentiary record and the parties' written memoranda.

Finally, the Court notes that in the Court's May 5, 2007, Order, the Court wrote that it *would* schedule a hearing after Plaintiff files his response to the Motion for Summary Judgment.  *See* D.E. #37, at 2 ¶ 3.  Contrary to that statement, the parties, and particularly Plaintiff, are placed on notice that the Court will not schedule such a hearing unless it determines in its discretion that such a hearing is necessary.  <u>Plaintiff's failure to properly respond to or to properly and timely rebut Defendants' Motion for Summary Judgment will not, standing alone, constitute a basis upon which the Court will exercise its discretion to schedule a hearing regarding Defendants' Motion for</u>

13

Summary Judgment, and Plaintiff is therefore notified that he must present all argument and evidence necessary to meet his burden in response to Defendants' Motion for Summary Judgment in his *written* submission to the Court, and he may not obtain a hearing or avoid summary judgment simply by claiming that he will present the necessary evidence at a future hearing (which the Court, in its discretion, may not even hold) or at trial (which will not be necessary if the Court grants Defendants' Motion for Summary Judgment).

Accordingly, it is ORDERED that:

(1)  On or before May 18, 2007, *Defendants* shall file with the Court a copy of the complete response along with any attachments or evidence which Plaintiff delivered to Defendants on approximately March 28, 2007, and to which Defendants referred in their April 4, 2007, Reply memorandum.  The Court recognizes that by requiring Defendants to file this document with the Court, the Court is placing on Defendants a burden which properly belongs to Plaintiff.  In the interests of justice, however, the Court will require Defendants to file a copy of that document or those documents with the Court.  Plaintiff is notified, however, that the Court might *not* consider any future documents that Plaintiff either serves on Defendants but fails to properly file with the Court, or that Plaintiff files with the Court but fails to properly serve on Defendants.

(2)  On or before **June 4, 2007**, Plaintiff shall serve on Defendants and file with this Court, in accordance with both the Local Rules, the Federal Rules of Civil Procedure, and this Court's Orders, all documents necessary to meet Plaintiff's burden to demonstrate the existence of a genuine issue of material fact and to avoid the entry of summary judgment in favor of Defendants, including but not necessarily limited to:  (a) a memorandum of law in opposition to Defendants' Motion for Summary Judgment which is properly-supported by both legal arguments and citations to factual

14

evidence; (b) any sworn affidavits and/or other evidence necessary to support Plaintiff's legal arguments and/or claim (or claims) and to demonstrate the existence of a genuine issue of material fact regarding Plaintiff's claim or claims, and necessary to rebut Defendants' arguments and/or evidence; and (c) a concise statement of *material* facts as to which Plaintiff contends there exists a genuine, material issue which precludes entry of summary judgment in Defendants' favor.  As the Court discussed in more detail *supra*, Plaintiff's failure to comply with those requirements and/or to otherwise meet his burdens may result in the Court's entry of summary judgment in favor of Defendants and against Plaintiff, either by default or based on an examination of the record.

(3)   Defendants shall have seven (7) days after receipt from Plaintiff of the materials discussed in the preceding paragraph within which to file and serve on Plaintiff a revised reply memorandum and any other materials that they deem appropriate.  Absent prior permission from the Court, Plaitniff may *not* file any additional memoranda or evidence as a sur-reply to Defendants' Reply memorandum which the Court has discussed in this paragraph.

DONE and ORDERED in Chambers, Miami, Florida this 10th day of May, 2007.

BARRY L. GARBER
UNITED STATES MAGISTRATE JUDGE

Copies supplied to:

Counsel and *pro se* parties of record

Kermit Sands, *pro se*
823 Windsor Lane
Key West, FL  33040

15